IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION - CINCINNATI

| | | |
|---|---|---|
| BRANDON HEATH, *et al.*, | : | Case No. 1:19-cv-134 |
| | : | |
| Plaintiffs, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| HIGHLIFT EQUIPMENT, LTD., *et al.*, | : | |
| | : | |
| Defendants. | : | |

_____

**ORDER GRANTING MOTION TO AMEND COMPLAINT (Doc. 41) AND
DENYING AS MOOT MOTION FOR JUDGMENT ON THE PLEADINGS (Doc. 45)**
_____

This case is before the Court on Defendant/Third-Party Plaintiff Highlift Equipment, Ltd.'s motion for leave to file a first amended third-party complaint. (Doc. 41, "Motion to Amend.") Third-Party Defendant Harland Drumm Enterprises, Inc., filed a response in opposition (Doc. 42), to which Highlift filed a reply (Doc. 43), making this matter ripe for the Court's review.

## BACKGROUND

In August 2018, Plaintiffs Brandon Health and Jason Merkhofer were employed by Drumm to repair and clean railroad tanker cars at Drumm's facility in Cincinnati, Ohio. Plaintiffs were operating a lift, which Drumm had rented from Highlift, to raise themselves to the top of the tankers. While the two were on top of a tanker, a fire broke out. Plaintiffs first attempted to escape by lowering the lift. But, according to the Plaintiffs, the lift would not move. The two were eventually forced to jump from the top of the tanker, some 30-40 feet, and sustained serious injuries.

In February 2019, Plaintiffs and their wives filed this lawsuit against Highlift (the supplier of the lift), JLG Industries Inc. (manufacturer of the lift), and RHI Transportation, Inc. (transported the lift from Highlift to Drumm).[1]  In return, Highlift filed a third-party complaint against Drumm in its capacity as Plaintiffs' employer, alleging Count I for indemnification, Count II for breach of contract, and Count III for negligence.  Highlift now moves to amend its third-party complaint to add three more claims against Drumm: Count IV for fraud, Count V for negligent misrepresentation, and Count VI for promissory estoppel.  Drumm opposes the motion.

## LAW

Under Rule 15, the Court "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (". . . this mandate is to be heeded.").  "The thrust of Rule 15 is . . . that cases should be tried on their merits rather than the technicalities of pleadings."  *Tefft v. Seward,* 689 F.2d 637, 639 (6th Cir.1982).  That said, the Court may deny leave to amend if "the amendment is futile," there is "lack of notice to adverse parties," or there is evidence that "the movant is acting in bad faith."  *Val's Auto Sales & Repair, LLC v. Garcia*, 367 F. Supp. 3d 613, 622 (E.D. Ky. 2019) (*citing Foman*, 371 U.S. at 182; *Robinson v. Michigan Consol. Gas Co.*, 918 F.2d 579, 591 (6th Cir. 1990)).

## ANALYSIS

Drumm primarily argues that Highlift's Motion to Amend should be denied because it would be futile, but also briefly references lack of notice and bad faith.  Each

---

[1] Plaintiffs also named Valco Equipment, Ltd., and Valco Equipment, Inc., as Defendants, both of which were subsequently voluntarily dismissed.  (Doc. 8.)

2

of these three arguments are discussed in turn below.

I.  **Futility**

Drumm first argues that Highlift's Motion to Amend should be denied as futile because the proposed claims "are not actionable in the absence of allegations demonstrating justifiable reliance and damages," specifically in light of the heightened pleading standard of Rule 9(b).  (Doc. 42.)

A proposed amendment is futile if it could not withstand a Rule 12(b)(6) motion to dismiss.  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).  To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "'If a proposed amendment is not *clearly* futile,' however, then the court should allow the amendment."  *United States ex rel. Griffith v. Conn*, No. CV 11-157-ART, 2015 WL 8682294, at *3 (E.D. Ky. Dec. 11, 2015) (Thapar, J.) (emphasis in original) (*citing Wright & Miller*, 6 Fed. Prac. & Proc. Civ. § 1487 (3d ed.).  However, claims of fraud and misrepresentation are held to a higher pleading standard under Rule 9(b), which states that such claims "must state with particularity the circumstances constituting [the] fraud."  Fed. R. Civ. P. 9(b).  The Sixth Circuit has interpreted Rule 9(b) to mean that—at minimum—a plaintiff must: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent."  *William Beaumont Hosp. Sys. v. Morgan Stanley & Co., LLC*, 677 F. App'x 979, 983 (6th Cir. 2017).

Highlift has satisfied this standard.  Highlift alleges that the underlying fraud was Steve Hollo's August 7, 2018 signature attesting that Drumm had "RECEIVED[ED] INSTRUCTION IN THE SAFE OPERATION OF THE EQUIPMENT & KNOWS HOW TO OPERATE SAID EQUIPMENT."  (Doc. 41-1.)  Highlift also explains why it believes this statement was fraudulent: "[a]ccording to Drumm's Responses to Highlift's [Request for Admissions], those representations were false . . . Drumm now denies that it received instruction in the safe operation of the subject lift."  (*Id.* at ¶¶ 35-6.)

And contrary to Drumm's argument, Highlift has sufficiently pled justifiable reliance and damages, especially since the heightened pleading standard of Rule 9(b) does not apply to damages.  *Hitachi Med. Sys. Am., Inc. v. Horizon Med. Grp.*, No. 5:07CV02035, 2008 WL 11380212, at *4 (N.D. Ohio Feb. 8, 2008) ("Under Rule 9(b), however, Plaintiff is not required to allege damages with particularity in the complaint.").  Regardless, Highlift's asserted damages are the monetary amount that they may ultimately be held liable for in this lawsuit. (Doc. 43.)  As for justifiable reliance, Highlift alleges that it relied on the representation that Drumm had received instructions on how to safely operate the equipment.  (Doc. 41-1.)  Had Drumm not made this representation, Highlift states that it would have either given Drumm instructions on how to safely operate the lift or not leased it to them outright.  (Doc. 43.)  But by relying on Drumm's representation, Highlift may now suffer damages arising from this lawsuit.  (*Id.* & Doc. 41-1.)

Accordingly, Highlift's Motion to Amend is not futile because Highlift's first amended complaint satisfies the pleading requirements of Rule 9(b) and Rule 12.

## II. Lack of Notice

Drumm also argues that Highlift failed to provide sufficient notice because it filed the Motion to Amend without informing Drumm of its intention to do so. But this argument is without merit. On July 8, 2019, the Court entered a Calendar Order that established the deadline to file a motion for leave to amend the complaint as December 1, 2019. (Doc. 39.) Drumm was thus provided notice—almost five months in advance—that December 1, 2019 was the last chance for each party to file a motion to amend. It should not have come as a surprise to Drumm when Highlift filed its Motion to Amend on the date of the court-imposed deadline.

## III. Bad Faith

Drumm also suggests that Highlift's Motion to Amend should be denied due to bad faith by the moving party. Drumm contends that Highlift's Motion to Amend is "based upon nothing more than [Highlift's] dissatisfaction with Drumm's responses to requests for admissions." Accordingly, Drumm suggests that "[a]ny concerns or issues Highlift may have with Drumm's discovery responses are more appropriately addressed through the discovery process and remedies therein." But as Highlift correctly counters, "[t]here is no 'discovery' vehicle by which Highlift could assert newly-discovered claims against Drumm." (*Id*.) According to Highlift, Drumm made certain representations when they leased the lift at issue. But during discovery, Drumm contradicted their previous representations. Although Highlift's new claims certainly stem from the discovery process, and the admissions produced therefrom, they certainly cannot be resolved *through* the discovery process. Rather, they must be

5

resolved through litigation.  Accordingly, the Court does not find that there was any bad faith or "dilatory motive" on the part of Highlift.

## CONCLUSION

For the reasons above, Highlift's Motion to Amend (Doc. 41) is **GRANTED**. Highlift is hereby **ORDERED** to file its Amended Complaint in the Court's docket within seven days of this Order.  Once Highllift has filed its Amended Complaint, Drumm shall have 21 days to file their responsive pleadings.

Additionally, Drumm filed a motion for judgment on the pleadings with respect to Count I of Highlift's original third-party complaint.  (Doc. 45.)  But the parties subsequently filed a stipulated dismissal of Count I.  (Doc. 47.)  Accordingly, Drumm's motion for judgment on the pleadings (Doc. 45) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

          UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF OHIO

      By:   */s/ Matthew W. McFarland*
           JUDGE MATTHEW W. McFARLAND