IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION - CINCINNATI

| | | |
|---|---|---|
| BRANDON HEATH, *et al.*, | : | Case No. 1:19-cv-134 |
| | : | |
| Plaintiffs, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| HIGHLIFT EQUIPMENT, LTD., *et al.*, | : | |
| | : | |
| Defendants. | : | |

_____

**ORDER GRANTING MOTION TO DISMISS (Doc. 15)**
_____

This case is before the Court on Defendant Highlift Equipment, Ltd.'s motion to dismiss Count I of Plaintiffs' Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 15.) Plaintiffs' filed a response in opposition (Doc. 33), to which Highlift filed a reply (Doc. 36), making this matter ripe for the Court's review.

## BACKGROUND

In August 2018, Plaintiffs Brandon Health and Jason Merkhofer were employed by Drumm to repair and clean railroad tanker cars at Drumm's facility in Cincinnati, Ohio. Plaintiffs were operating a lift, which Drumm had rented from Highlift, to raise themselves to the top of the tankers. While the two were on top of a tanker, a fire erupted. Plaintiffs allege that they first attempted to escape by lowering the lift, but the lift would not move. The two were eventually forced to jump from the top of the tanker, some 30-40 feet, and sustained serious injuries.

A few months later, Plaintiffs and their wives filed this lawsuit against Highlift (the supplier of the lift), JLG Industries Inc. (manufacturer of the lift), and RHI

Transportation, Inc. (transported the lift from Highlift to Drumm).[1]  Plaintiffs assert two causes of action against Highlift: Count I for common law negligence, and Count II for product liability under the Ohio Product Liability Act ("OPLA").  Highlift now moves to dismiss Count I pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

## LAW

When considering a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court accepts all allegations of material fact as true and construes them in the light most favorable to the non-moving party.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007).  The Court need not accept as true, however, "a legal conclusion couched as a factual allegation." *Id.* at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 556).

## ANALYSIS

Highlift contends that Count I fails for two reasons: (1) the OPLA preempts all common law product liability causes of action, including common law negligence; and (2) Count I fails to set forth sufficient facts to allege the necessary elements of a common

---

[1] Plaintiffs also named Valco Equipment, Ltd., and Valco Equipment, Inc., as Defendants, both of which were subsequently voluntarily dismissed.  (Doc. 8.)

law negligence claim.  Because the Motion to Dismiss can be resolved on Highlift's first argument, the Court need not analyze Highlift's second argument.

Ohio Revised Code Section 2307.71(B) states: "Sections 2307.71 to 2307.80 of the Revised Code [the OPLA] are intended to abrogate **all** common law product liability claims or causes of action." *Id.* (emphasis added.)  This provision "extinguishes any common-law claim that, as pled, actually meets the statutory definition of a product liability claim." *Volovetz v. Tremco Barrier Sols., Inc.*, 2016-Ohio-7707, 74 N.E.3d 743, ¶ 33 (10th Dist.) (citations omitted.)  "The essential nature of the substantive allegations of the plaintiff's claim, not the artificial label attached to the claim, determines the claim's true nature." *Id.*  Section 2307.71(A)(13) defines "product liability claim" as follows:

> **a claim** or cause of action that is **asserted in a civil action** pursuant to sections 2307.71 to 2307.80 of the Revised Code and **that seeks to recover compensatory damages from a** manufacturer or **supplier for** death, **physical injury to person**, emotional distress, or physical damage to property other than the product in question, **that allegedly arose from** any of the following:
>
> (a) **The design, formulation, production,** construction, creation, assembly, rebuilding, testing, **or marketing of that product**;
>
> (b) **Any warning or instruction, or lack of warning or instruction, associated with that product**;
>
> (c) Any failure of that product to conform to any relevant representation or warranty.

*Id.* (emphasis added).

Plaintiffs' common law negligence claim, which contains nearly identical allegations as Plaintiffs' OPLA claim, "seek[s] to recover compensatory damages from a . . . supplier for . . . physical injury to person . . . that allegedly arose from . . . [t]he

3

design, formulation, production . . . marketing . . . warning or instruction, or lack of warning or instruction, associated with that product." *See* Ohio Revised Code § 2307.71(A)(13); *see also* Doc. 1, Complaint at ¶¶ 28-31. The fundamental assertion of Plaintiffs' negligence claim is that the lift Drumm rented from Highlift was defective and/or that Plaintiffs' were not properly trained or warned. (Doc. 1 at ¶ 30.) This claim falls squarely under Ohio's statutory definition of a products liability claim. Plaintiffs admit as much. (*See* Doc. 33 at p. 5) ("causes of action that address the design and manufacture of a product, the lack of warnings or insufficient warnings of that product…clearly fall within the purview of the OPLA…."); (*Id.* at p. 10) ("Plaintiffs maintain that Highlift's conduct falls both within and outside of the provisions of the OPLA . . . ."). Accordingly, Plaintiffs' negligence claim is preempted under the OPLA.

This decision is supported by overwhelming case law, where both state and federal courts have held that similar negligence claims were preempted. *See Miles v. Raymond Corp.*, 612 F. Supp. 2d 913 (N.D. Ohio 2009) (negligence claim against manufacturer and marketer of forklift was preempted under the OPLA); *Tompkin v. Am. Brands*, 219 F.3d 566, 575 (6th Cir. 2000) ("negligence claims are preempted by OPLA"); *Henderson v. Speedway L.L.C.*, 8th Dist. Cuyahoga, 2018-Ohio-4605, 2018 WL 6012456, ¶¶ 29-30 (November 15, 2018) (same); *McManus v. Smith & Nephew, Inc.*, No. 3:19-CV-066, 2020 WL 127702, at *2 (S.D. Ohio Jan. 10, 2020) (collecting cases attesting to the same).

## CONCLUSION

This is not a complex matter of statutory interpretation. Plaintiffs' negligence claim falls under Ohio's statutory definition of a products liability claim and is therefore

4

preempted. As such, Highlift's Motion to Dismiss Count I of Plaintiff's Complaint is hereby **GRANTED** pursuant to Fed. R. Civ. P. 12(b)(6).

**IT IS SO ORDERED.**

                                      UNITED STATES DISTRICT COURT
                                      SOUTHERN DISTRICT OF OHIO

                               By:  */s/ Matthew W. McFarland*
                                    JUDGE MATTHEW W. McFARLAND